UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80110-Cr-Middlebrooks/Johnson

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONADIR HELIO SOUZA,

    Defendant.

_____/

FILED by _____ D.C.

NOV 10 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case and this Court having conducted a change of plea hearing on November 5, 2010, this Court recommends to the District Court as follows:

1.    On November 5, 2010, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.     This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.     This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.     There is a written plea agreement which had been entered into by the parties in this case. This Court reviewed that plea agreement on the record and had the Defendant acknowledge that he signed the plea agreement. This Court also made certain that the Defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to that plea agreement and the applicable statutes.

5.     The Defendant pled guilty to counts two through six of the Indictment, which charges that on or about September 16, 2009, in the customs waters of the United States, out of the jurisdiction of any particular state or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the Defendant, did knowingly bring to attempt to bring aliens, as set forth in counts 2 through 6 of the indictment, to the United States for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, and regardless of any official action which might later be taken with respect

to such aliens, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

6. The government, by separate pleading filed at D.E. 28, agreed to dismiss count one of the Indictment at the time of sentencing.

7.     The government stated a factual basis for the entry of the plea which included all of the essential elements of the crime to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable.   The government also announced the possible maximum penalties in respect to counts two through six of the Indictment.   The Defendant acknowledged that he understood these possible maximum penalties which could be imposed in his case.

8.     Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to the charge set forth as more particularly described herein and that the Defendant be adjudicated guilty of that offense.

9.     A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Wednesday, January 12, 2011, at 11:00 a.m.,** as previously set by the District Court.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M.

Middlebrooks, United States District Judge assigned to this case.

       **DONE AND SUBMITTED** this 10th day of November, 2010, at West Palm Beach,

Florida.

 

 

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE


Copies furnished:
Honorable Donald M. Middlebrooks
AUSA-Nancy Vorpe Quinlan
Andrew Rier, Esquire
U. S. Probation
U. S. Marshal